United States District Court
Southern District of Texas
**ENTERED**
July 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JEROME LEWIS LEITA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-00059 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jerome Lewis Leita is a Texas inmate appearing *pro se*. In November 2021, Leita filed a 28 U.S.C. § 2254 petition attacking his state convictions. (D.E. 1). On February 23, 2023, the District Court entered an order adopting the Memorandum and Recommendation ("M&R") and dismissing Leita's petition as not cognizable, time-barred, and without merit. (D.E. 37). The Court entered judgment on the same day. (D.E. 38). Now pending before the Court is Leita's "Motion to Set Aside" under Federal Rule of Civil Procedure 60(b). (D.E. 59). For the reasons discussed further below, it is recommended that Leita's motion (D.E. 59) be **DENIED**.

### I.    BACKGROUND

On November 12, 2021, Leita filed his *pro se* § 2254 petition, raising four claims relating to his state court criminal conviction, including that: (1) he was actually innocent; (2) his trial counsel was ineffective prior to trial, forcing Leita to plead guilty; (3) his guilty plea was not knowing and voluntary; and (4) appellate counsel was ineffective for only

raising a single issue that was frivolous.  (D.E. 1 at 6-7).  Respondent subsequently filed a motion for summary judgment, contending that Leita's claims were variously not cognizable, untimely, and without merit.  (D.E. 17).

On May 13, 2022, the undersigned issued an M&R recommending that Respondent's motion for summary judgment be granted and Leita's petition be dismissed because his actual-innocence claim was not cognizable, his claims relating to his guilty plea and order of deferred adjudication were untimely, and his claim regarding appellate counsel was meritless.  (D.E. 25 at 7-16).  On February 23, 2023, the District Court adopted the findings and conclusions in the M&R over Leita's objections and dismissed Leita's petition.  (D.E. 37, 38).

In March 2023, Leita filed a construed motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  (D.E. 39).  In his motion, Leita raised several claims, including that: (1) the state habeas court failed to rule on his motion to recuse; (2) during the state habeas proceedings, trial counsel falsely stated in his affidavit that he formally requested discovery on June 1, 2016, which was before he began his representation; and (3) trial counsel was ineffective in several ways during the underlying plea proceedings.  (*Id.* at 2-4).  On March 22, 2023, the undersigned issued an M&R recommending that Leita's motion be denied because his claims about the state habeas proceedings were not cognizable in federal habeas proceedings, his claims regarding trial counsel were dismissed as time-barred, and Leita had not shown that any of the District Court's rulings were a manifest error of law or

fact.  (D.E. 40 at 4).  On April 10, 2023, the District Court adopted the findings and conclusions in the M&R over Leita's objections and denied the motion.  (D.E. 43).

Leita subsequently filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.  (D.E. 44).  The District Court denied a certificate of appealability.  (D.E. 46).  On October 11, 2023, the Fifth Circuit also denied a certificate of appealability.  (D.E. 58).

## II.   DISCUSSION

### a.   Rule 60(b) Standard

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  A Rule 59(e) motion must be filed within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  A motion with claims based on grounds (1), (2), or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1). Because Leita's motion was filed more than 28 days after the District Court's judgment and he has previously filed a Rule 59(e) motion, it is construed as a Rule 60(b) motions.

Under Rule 60(b), a party may seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move

for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  To prevail under Rule 60(b)(3), a party must establish, by clear and convincing evidence, that: (1) the adverse party engaged in fraud or other misconduct; and (2) this fraud or misconduct prevented the moving party from fully and fairly presenting their case.  *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018).

### b.   Leita's Rule 60(b) Motion

Leita contends that his motion is based on grounds 1, 2, and 3 and Rule 60(b).  (D.E. 59 at 1).  However, in his arguments, Leita only references fraud.  (*Id.* at 2-5).  Liberally construed, Leita raises four arguments in his motion.  (*Id.* at 2-5).  First, he contends that trial counsel falsely stated in his affidavit that he formally requested discovery on June 1, 2016, which was before he began his representation.  (*Id.* at 1-3).  Second, Leita reiterates that trial counsel was ineffective in several ways during the underlying plea proceedings. (*Id.*).  Third, Leita asserts that the state habeas court failed to rule on his motion to recuse. (*Id.* at 4).  Finally, Leita contends that the Fifth Circuit incorrectly stated that he raised a claim for the first time in his motion for a certificate of appealability.  (*Id.* at 2).

Here, Leita's first three claims are untimely because he cites only to Rules 60(b)(1), (2), and (3), and his motion was not filed within a year of the entry of the judgment or order that he seeks relief from.  Fed. R. Civ. P. 60(c)(1).  In his first three claims, Leita seeks relief from the judgment dismissing his § 2254 petition, which was entered on February

23, 2023.  (D.E. 38).  Leita's current motion was not filed until June 14, 2024, over one year later.  (D.E. 59).  Further, even if Leita's motion was timely on these claims, he has not raised any argument that would warrant relief from the District Court's conclusions that his claims about the state habeas proceedings are not cognizable and his claims regarding trial counsel's performance were time-barred.  Finally, as to Leita's claim that the Fifth Circuit incorrectly concluded that he raised a claim for the first time in his motion for a certificate of appealability, this Court does not have the authority to provide relief from an order of the Fifth Circuit.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Leita's motion to set aside under Rule 60(b) (D.E. 59) be **DENIED**.

Respectfully submitted on July 22, 2024.

Julie K. Hampton
United States Magistrate Judge